PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. MELITÓN PIÑA, Defendant and Appellant.

No. 4240. ◦ Argued December 12, 1930.—Decided January 26, 1931.

P. *Pérez Pimentel* for appellant.   R. A. *Gómez* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Melitón Piña was charged with carrying a revolver, a prohibited weapon, and sentenced to a month in jail. He appealed from the judgment. He admits that he was carrying the weapon mentioned in the complaint, but he claims that he did so in a manner authorized by law.

It was shown by the prosecution that while policeman José Flores was traveling in an automobile along the road from Ceiba to Playa de Naguabo, he saw the defendant riding a horse along the same road carrying a revolver on his person; that he immediately tried to overtake him but without success and followed him for a distance of about a kilometer, until he succeeded in arresting him. The evidence for the defendant tends to show that the latter was within the "Aurora" plantation, whose overseer he was, and that it was there and not in the road where the policeman asked him to hand over the weapon. The conflict in the evidence was resolved against the defendant and there is nothing to show passion, prejudice or bias on the part of the trial court.

The above would be sufficient for an affirmance of the judgment; but the appellant insists that, even accepting the evidence for the prosecution, he was entitled to carry the weapon, since he was the overseer of an estate and was carrying the weapon in connection therewith.

It may be conceded as proved that the defendant was the overseer of an estate; but as it was shown that he was traveling along a public road carrying the weapon and had gone "about a kilometer," as charged by the complainant policeman, or "for a long stretch," as asserted by another witness, it must necessarily be concluded that he is not covered by the exemption invoked by him and contained in subdivision 5, section 5 of Act No. 14 of 1924 forbidding the carrying of weapons, as follows:

"Section 5.—That the provisions of this Act shall not be applicable—

".             .             .             .             .             .

"To the carrying of arms within one's dwelling or estate."

There is no exemption in the act with respect to overseers of estates. The exemption "within one's . . . estate" may favor an overseer, but only when he is within the estate.

In support of his theory the appellant cites several decisions of this court. None of them is in point. The case most favorable to him might be that of People v. Díaz, 37 P.R.R. 426, 427, where the following ruling was made:

"The fact that the watchman on a farm uses illegally a machete on a road within the farm does not render him guilty of the offense of carrying a forbidden weapon *in the absence of proof that the road was a public highway.*"

Such proof exists in the instant case.

The judgment appealed from must be affirmed.